1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10
                            ----oo0oo----
11

12   ADM PROPERTIES, INC.,                 NO. CIV. S-05-0683 FCD KJM

13          Plaintiff,
                                           MEMORANDUM AND ORDER
14      v.

15   RONALD A. QUINN, JR. and KELLY
     A. QUINN,
16
            Defendants.
17
     _____/
18
                            ----oo0oo----
19
           This matter is before the court on motion to remand filed by
20
     plaintiff ADM Properties, Inc. ("ADM").  Defendants Ronald Quinn
21
     and Kelly Quinn ("defendants") oppose the motion.  For the
22
     reasons stated herein, ADM's motion is GRANTED.
23
                               BACKGROUND
24
           On December 20, 2004, ADM commenced an unlawful detainer
25
     action against defendants in Sacramento Superior court.
26
     Defendants filed a voluntary petition for bankruptcy on January
27
     7, 2005, which placed an automatic stay on the unlawful detainer
28
     action.  See 11 U.S.C. § 362(a).  On February 3, 2005, ADM filed

1   a motion for relief from the automatic stay with the United

2   States Bankruptcy Court for the Eastern District of California.

3       By order dated March 3, 2005, the bankruptcy court granted

4   ADM's motion to modify the stay "to allow ADM and/or its

5   attorneys to take any and all action necessary, including, but

6   not limited to, continuing prosecution of the unlawful detainer

7   action filed in Sacramento County Superior Court, Miller Justice

8   Center . . . to take possession of that property commonly known

9   as 9408 Dante Court, Elk Grove, Sacramento County, California."

10      Defendants filed an answer and the case was set for trial on

11  April 8, 2005.  On April 6, 2005, defendants filed a notice of

12  removal with this court pursuant to 28 U.S.C. § 1441.  Through

13  the present motion, ADM seeks to remand the case to state court.

14                          **ANALYSIS**

15      Initially, the court notes that defendants' notice of

16  removal invoked the wrong removal statute.  Defendants invoke 28

17  U.S.C. § 1441 as the basis for removal, but the matter does not

18  qualify for removal under that statute since the complaint does

19  not present a federal question and there is no diversity

20  jurisdiction.  See 28 U.S.C. § 1441(a).  While not cited by

21  defendants, 28 U.S.C. § 1452 provides for removal of claims

22  related to bankruptcy cases.[1]  However, ADM's failure to invoke

23  the appropriate removal statute does not affect the outcome since

24

25      [1]   Section 1452(a) provides in pertinent part:
        A party may remove any claim or cause of action in a civil
26      action . . . to the district court for the district where
        such civil action is pending, if such district court has
27      jurisdiction of such claim or cause of action under section
        1334 of this title.
28

                                2

1 │ its notice of removal was untimely under either statute.

2 │     28 U.S.C. § 1446 sets forth the procedure for removal of

3 │ actions under § 1441.  Of significance here, § 1446(b)

4 │ establishes the deadlines for removal:

> The notice of removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by
> the defendant, through service or otherwise, of a copy
> of the initial pleading setting forth the claim for
> relief upon which such action or proceeding is based .
> . ..
>
> If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within
> thirty days after receipt by the defendant, through
> service or otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become
> removable . . ..

28 U.S.C. § 1446(b).

    The procedure for removal pursuant to § 1452 is contained in

Federal Rule of Bankruptcy Procedure 9027(2), which provides:

> **(2) Time for filing; civil action initiated before
> commencement of the case under the code**
>
> If the claim or cause of action in a civil action is
> pending when a case under the Code is commenced, a
> notice of removal may be filed only within the longest
> of (A) 90 days after the order for relief in the case
> under the Code, (B) *30 days after entry of an order
> terminating a stay, if the claim or cause of action in
> a civil action has been stayed under § 362 of the Code,*
> or (C) 30 days after a trustee qualifies in a chapter
> 11 reorganization case but not later than 180 days
> after the order for relief.

Federal Rule of Bankruptcy Procedure 9027 (emphasis added).

    Here, ADM's complaint, which asserts state law claims only,

potentially became removable when defendants filed a voluntary

1  petition for bankruptcy on January 7, 2005.[2]  However, the thirty-

2  day period for removal began to run on March 3, 2005, when the

3  bankruptcy court lifted the automatic stay.[3]  Defendants filed

4  their notice of removal April 6, 2005, which is greater than

5  thirty days after the matter became removable.

6                              **CONCLUSION**

7        Based on the foregoing analysis, ADM's motion to remand the

8  case to Sacramento Superior Court is GRANTED.  The clerk is

9  instructed to close the file.

10       IT IS SO ORDERED.

11  DATED: May 27, 2005

12                              /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, Jr.
13                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25       [2]     The court does not consider whether there are
    substantive or procedural barriers to removal of this case.

26       [3]     In their Notice of Removal, defendants asserted that
    the automatic stay was lifted on March 11, 2005.  (See Notice of
27  Removal filed April 6, 2005 ¶ 3.)  Based on this representation,
    the court did not summarily remand the matter to state court.
28  Parties now agree that the stay was lifted March 3, 2005.

                                    4