UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADM PROPERTIES, INC., | NO. CIV. S-05-0683 FCD KJM |
| Plaintiff, | |
| | MEMORANDUM AND ORDER |
| v. | |
| RONALD A. QUINN, JR. and KELLY A. QUINN, | |
| Defendants. | |
| _____/ | |

----oo0oo----

This matter is before the court on motion by defendants, Ronald Quinn and Kelly Quinn ("defendants"), for reconsideration of the court's May 27, 2005 order granting plaintiff ADM Properties, Inc.'s ("ADM"), motion to remand. In that order, the court found that defendants' notice of removal was untimely because it was filed more than thirty days after March 3, 2005, the date the bankruptcy court entered its order lifting the automatic bankruptcy stay. Fed. R. Bankr. P. 9027. Defendants

1 now move for reconsideration of that decision under Fed. R. Civ.
2 P. 60(b), arguing that the thirty-day window for filing the
3 notice of removal did not begin to run until March 13, 2005
4 because the bankruptcy court's order was stayed for ten days
5 pursuant to Fed. R. Bankr. P. 4001(a)(3).  For the reasons stated
6 herein, defendants' motion for reconsideration is GRANTED.  The
7 court's previous order is VACATED and the matter is REFERRED to
8 the Bankruptcy Court for this district.

**STANDARD**

10   Absent "highly unusual circumstances," reconsideration of a
11 final judgment is appropriate only where (1) the court is
12 presented with newly-discovered evidence, (2) the court committed
13 "clear error or the initial decision was manifestly unjust," or
14 (3) there is an intervening change in the controlling law.
15 School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.  In order
16 for evidence to be considered "new" for the purposes of Rule
17 60(b), it must be of such a character that it would change the
18 outcome of the court's prior decision.  See Fernhoff v. Tahoe
19 Reg'l Planning Agency, 622 F. Supp. 121, 122 (D. Nev. 1985).

**ANALYSIS**

21   The court finds that defendants' notice of removal should
22 have been filed, in the first instance, in the bankruptcy court
23 for this district.  Federal Rule of Bankruptcy Procedure
24 9027(a)(1) provides that the notice of removal shall be filed
25 with the clerk for the district and division within which is
26 located the state or federal court where the civil action is
27 pending.
28   Under the Federal Rules of Bankruptcy Procedure, "clerk" and

2

1  "clerk of the district court" is defined as the clerk of the
2  bankruptcy court, unless one has not been appointed.  Fed. R.
3  Bankr. P. 9001(3) and 9002(3).
4      Additionally, this court has longstanding rules referring to
5  "bankruptcy judges of this district *all* cases under Title 11, and
6  *all* proceedings arising under Title 11 or arising in or related
7  to cases under Title 11."  E.D. Cal. Local Rules, Gen. Order No.
8  182 Part 1.01 (emphasis added).
9      Pursuant to the aforementioned rules, defendants'
10 notice of removal should have been filed with the clerk of the
11 Bankruptcy Court for the Eastern District.  As a result, that
12 court should have considered in the first instance plaintiffs'
13 motion to remand.  Accordingly, this court GRANTS defendants'
14 motion for reconsideration; VACATES the prior Memorandum & Order
15 No. S-05-0683, and REFERS this case to the Bankruptcy Court for
16 further proceedings and decision.
17     IT IS SO ORDERED.
18 DATED: June 22, 2005

                                    /s/ Frank C. Damrell Jr.
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE

3